**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN LOMBARDI, | CIVIL ACTION NO. 04-6418 (DRD) |
| Plaintiff, | |
| v. | |
| MORRIS COUNTY SHERIFF'S DEPARTMENT, et al. | |
| Defendants. | |
| LISA & RONALD KNOWLTON, | CIVIL ACTION NO. 05-1989 (KSH) |
| Plaintiff, | |
| v. | |
| MORRIS COUNTY SHERIFF'S DEPARTMENT, et al. | |
| Defendants. | |
| RONALD & SUSAN FLAMMER | CIVIL ACTION NO. 05-5039 (WJM) |
| Plaintiff, | |
| v. | |
| MORRIS COUNTY SHERIFF'S DEPARTMENT, et al. | |
| Defendants. | |

| | |
|---|---|
| HENRY RUIZ , <br><br> Plaintiff, <br><br> v. <br><br> MORRIS COUNTY SHERIFF'S DEPARTMENT, et al. <br> Defendants. | CIVIL ACTION NO. 05-1825 (DRD) |
| ROBERT FREID, <br><br> Plaintiff, <br><br> v. <br><br> MORRIS COUNTY SHERIFF'S DEPARTMENT, et al. <br> Defendants. | CIVIL ACTION NO. 05-3244 (KSH) |
| JAMES O'BRIEN <br><br> Plaintiff, <br><br> v. <br><br> MORRIS COUNTY SHERIFF'S DEPARTMENT, et al. <br> Defendants. | CIVIL ACTION NO. 05-4910 (KSH) <br><br> **OPINION** |

Appearances

Gina Longarzo, Esq..
HACK, PIRO, O'DAY, MERKLINGER, WALLACE & McKENNA
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ 07932
    *Attorneys for Plaintiffs John Lombardi, Lisa & Ronald Knowlton, and Ronald & Susan Flammer*

Vincent Paragano, Esq.
PARAGANO & RICHLAN, P.C.
5 Seney Drive
Bernardsville, NJ 07924
>  *Attorneys for Plaintiffs Robert Freid and Henry Ruiz*

Richard S. Panitch, Esq.
PANITCH & RATCHINSKY, LLC
330 Milltown Road
Suite W-11
New Brunswick, NJ 08816
>  *Attorneys for Plaintiff James O'Brien*

Roger B. Jacobs, Esq.
JACOBS ROSENBERG, LLC
Gateway 4, 3rd Floor
100 Mulberry Street
Newark, NJ 07102
>  *Attorneys for Defendant Frank Corrente*

## *OPINION*

### DEBEVOISE, Senior District Judge

Presently before the Court is Defendant Frank Corrente's ("Corrente") appeal from a Magistrate Judge's determination of a non-dispositive matter pursuant to L.Civ.R. 72.1(c)(1)(A). Corrente appeals the Magistrate's March 22, 2006 decision to deny his motion for a protective order. For the Reasons set forth below, Corrente's motion will be granted in part and denied in part.

### *FACTS / PROCEDURAL HISTORY*

The Plaintiffs in each of the above captioned cases are corrections officers employed by the Morris County Sheriff's Department ("MCSD"). Each of the Plaintiffs has filed a complaint

3

against MCSD, Morris County, Morris County Sheriff Edward Rochford ("Rochford"), Chief Ralph McGrane ("McGrane"), and the warden of the Morris County Correctional Facility ("MCCF") Frank Corrente.  Each Plaintiff alleges that at different times and through different acts, the defendants deprived him of constitutional rights in violation of 42 U.S.C. § 1983.  Plaintiffs also allege that defendants engaged in various discriminatory, unequal, and unlawful acts during the course of their employment at MCSD, which violated various other Federal and State statutory provisions.  The various complaints and supporting documents illustrate a picture of unequal and unjust treatment by the defendants, collectively referred to as "the administration" of the MCCF, towards their subordinate corrections officers.

On January 31, 2006, Defendant Corrente moved before the Honorable Susan D. Wigenton, U.S. Magistrate Judge, for a protective order in all of these cases, pursuant to Fed. R. Civ. P. 26(c).[1]  Corrente's motion sought to preclude the discovery of his 1985 arrest for attempting to purchase controlled dangerous substances while in uniform.  At the time of his arrest, Corrente was a rookie MCSD corrections officer.  Corrente's arrest and pretrial intervention were subsequently expunged in 1992.  Corrente argued that in accordance with the state statute Plaintiffs should not be permitted to inquire into the circumstances of the arrest, and further, that this arrest was not relevant to any of the above-captioned cases and that discovery should not be permitted on this issue.

Corrente's arrest and conviction were expunged pursuant to N.J.S.A. 2C:52-1 et seq. by

---

[1]Thereafter, the above captioned cases were de-consolidated by this Court's order of February 15, 2006.  The Order specified that these cases would continue to be handled by the same Magistrate in order to reduce duplication of discovery.  This provision was intended to minimize the inconvenience to witnesses and attorneys, many of whom will participate in more than one of these cases.

4

Order of the Superior Court of New Jersey, Law Division, on October 8, 1992. The Order specified that the expunged records or the information therein "shall not be released for any reason except as authorized by law," and further that "the arrest and conviction which is the subject of this Order shall be deemed not to have occurred, and [Corrente] may answer accordingly to any question relating to its occurrence." Expungement is statutorily defined as the "extraction and isolation of all records on file within any court, detention, or correctional facility, law enforcement or criminal justice agency concerning a person's detection, apprehension, detention, trial or disposition of an offence within the criminal justice system." N.J.S.A. 2C:52-1. Expunged records shall include complaints, warrants, arrests, commitments, processing records, fingerprints, photographs, index cards, "rap sheets" and judicial docket records. Id. Although these statutory provisions may well preclude Plaintiffs in the instant case from obtaining in discovery the expunged records and deriving information from them, they cannot affect the ability of Plaintiffs to use publicly accessible information about Corrente's arrest if it is relevant to the issues in the instant cases.

  Plaintiff Flammer argued that the details of Corrente's 1985 investigation, charge, conviction, and expungement should be discoverable because it directly relates to one of the counts of his complaint. Flammer alleges in his complaint that in November 2004, he was the subject of an internal affairs investigation and faced departmental charges for passing out news articles depicting Corrente's arrest at a retirement party for another MCSD officer. (Flammer Compl. ¶ 32). Flammer claims he did not participate in passing out the articles, and that the administration conducted a "sham" investigation, in order to retaliate against him for filing an unrelated unfair labor practices complaint several weeks earlier. Flammer argued that the details


of Corrente's arrest are relevant because they are necessary to explain this count in the proper context.

The remaining Plaintiffs argued that Corrente's arrest should be admissible because he received little or no punishment for his arrest; however, as Warden in 2004 he imposed much more serious penalties on those officers for far less significant infractions. They all argued that the disparity in the punishment Corrente received as a rookie in 1985 and the punishment he gave Plaintiffs and other officers in 2004 is relevant to demonstrate the corrupt employment environment at the MCSD. Plaintiffs Lombardi and Ruiz additionally argued that Corrente's arrest is relevant because other MCSD officers, whom Lombardi and Ruiz represented in their capacity as union officials, were punished for speaking about it.

On March 22, 2006, Judge Wigenton denied Corrente's motion.[2] In the Order denying the motion, Judge Wigenton stated:

> Discovery is broad, and discussion of a Defendant's prior record appears to be reasonably calculated to lead to the discovery of admissible evidence regarding [MCSD's] employee harassment and/or pattern of disfavoring employees management dislikes. As such, discussions of Defendant's prior record are relevant and limited to use in this case and restricted to counsel/parties' eyes only. Defendant may file a motion in limine to preclude admission of such evidence at trial.

On April 4, 2006 Corrente filed this Appeal of the Magistrate Judge's denial of his motion for a protective order.

## *DISCUSSION*

A Magistrate Judge's decision is to be overturned only when the ruling was clearly

---

[2]The Court filed no opinion corresponding to the Order.

erroneous or contrary to law. L.Civ.R.72.1(c)(1)(A).[3] The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J.1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J.1998).

Where an appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the "abuse of discretion standard" must be applied. Port Auth. v. Affiliated FM Ins. Co., 2001 U.S. Dist. LEXIS 7579 (D.N.J. 2001). Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Id. (citing Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); and Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997)).

In the instant motion Defendant Corrente argues that Judge Wigenton abused her

---

[3] L.Civ.R.72.1(c)(1)(A) states:

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 10 days after the party has been served with a copy of the Magistrate Judge's order... A Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

discretion by denying his motion for a protective order because his 1985 arrest was expunged and is so remote in time that it is completely irrelevant to any of these cases. Corrente also argues that if discovery of his arrest is permitted, it will only serve to embarrass and humiliate him and will not provide any probative value to the case on the merits. Fed. R. Civ. P. 26(c) governs the issuance of Protective Orders:

> Upon motion by a party or by the person from whom discovery is sought...and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(1)** that the disclosure or discovery not be had;
>
> **(2)** that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> **(3)** that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> **(4)** that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>
> **(5)** that discovery be conducted with no one present except persons designated by the court;
>
> **(6)** that a deposition, after being sealed, be opened only by order of the court;
>
> **(7)** that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
>
> **(8)** that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
>
> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. ...

In order to determine whether "good cause" exists, a trial court may look to a number of factors,

which are neither mandatory nor exhaustive, including (1) whether disclosure will violate any privacy interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the party benefitting from the order of confidentiality is a public entity or official; and (4) whether the case involves issues important to the public. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995). The ultimate decision of whether to issue a protective order lies with the discretion of the trial court. Id.

In the instant case, the magistrate did not provide an opinion, which would have explained the rationale for denying the protective order. Consequently, this Court is unable to discern whether or not the magistrate conducted a proper balancing of factors to determine whether or not good cause exists to deny Corrente's motion. Since the Court is unable to determine whether the magistrate abused her discretion, the Court will review and modify the order in order to accomplish the underlying intent of Rule 26(C).

Plaintiff Flammer is the only Plaintiff who has demonstrated adequate reason to bring up the subject of Corrente's 1985 arrest. Flammer alleges that Corrente was infuriated when officers passed out documents referring to the arrest at the retirement party in November 2004. Flammer further alleges that this incident was used as the basis for a sham investigation that the Administration conducted of Flammer several weeks thereafter. In order to establish this count of his complaint, Flammer should be permitted to establish the fact of Corrente's arrest and to question Corrente about its relationship to the retirement party incident. However, discussion of the details of the arrest, and the subsequent expungement are irrelevant and unnecessary and will not have any probative value.

The other Plaintiffs have not stated any proper basis for questioning Corrente about the arrest. Although Plaintiffs Lombardi and Ruiz argue that Corrente's 1985 arrest is relevant to their cases because the union members they represented were prohibited from speaking about the arrest, there is no constitutionally protected right to discuss the arrest of a public employee's supervisor. Additionally, despite Plaintiffs' arguments, Corrente's arrest and/or lack of punishment by the 1985 Administration is completely unrelated to the level of punishment other corrections officers received from the current Administration. These events occurred almost 20 years apart. It appears that the other Plaintiffs merely intend to use this information to embarrass and/or create unwarranted bias toward Corrente. These Plaintiffs will be prohibited from questioning Corrente about the details of his arrest.

### *CONCLUSION*

In light of the foregoing considerations, Corrente's appeal of the magistrate's order will be granted in part and denied in part. Plaintiff Flammer will be permitted to question Corrente about his 1985 arrest insofar as it relates to Flammer's claim that he was wrongfully accused of passing out leaflets regarding the arrest at the retirement party in November 2004. The other Plaintiffs are prohibited from questioning Corrente about the details of his arrest insofar as it relates to disparate punishment received by other officers, or to other MCSD employees being prohibited from speaking about the arrest as these topics are irrelevant to the current proceedings.

                                                /s/ Dickinson R. Debevoise
                                                Dickinson R. Debevoise, U.S.S.D.J.

Dated: May 15, 2006