NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| JOHN LOMBARDI, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 04-6418 (DRD) |
| | : | |
| v. | : | |
| | : | |
| MORRIS COUNTY SHERIFF'S | : | **O P I N I O N** |
| DEPARTMENT, EDWARD ROCHFORD, | : | |
| RALPH MCGRANE, FRANK | : | |
| CORRENTE, and JOHN DOES | : | |
| 1 THROUGH 10, | : | |
| | : | |
| Defendants. | : | |

---

Nabil N. Kassem, Esq.
CARELLA BYRNE BAIN GILFILLAN CECCHI STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, New Jersey 07068

*Attorneys for Plaintiff John Lombardi*


Domenick Carmagnola, Esq.
CARMAGNOLA & RITARDI, LLC
60 Washington Street
Morristown, New Jersey 07960

*Attorneys for Defendants Morris County Sheriff's Department and Edward Rochford*


**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff John Lombardi ("Plaintiff" or "Lombardi"), a former corrections officer at the

Morris County Correctional Facility (the "Jail"), filed a complaint against defendants, the Morris County Sheriff's Department (the "MCSD"); Edward Rochford ("Rochford"), the head of the MCSD; and Ralph McGrane ("McGrane") and Frank Corrente ("Corrente"), superior officers at the Jail (collectively, "Defendants"), alleging violations of federal and state rights (the "Complaint").

In early 2005, Defendants moved to dismiss the Complaint. By order dated May 23, 2005, the court dismissed the Third, Fifth, and Seventh Counts of the Complaint. The First, Second, Fourth, and Sixth counts of the Complaint were described in the court's May 23, 2005 opinion as follows:

First Count: Suing pursuant to 42 U.S.C. §1983, Lombardi charges that defendants violated his rights to freedom of speech and association guaranteed by the First Amendment to the United States Constitution, that their conduct was motivated by political discrimination and political patronage, and that defendants retaliated against him.

Second Count: Defendants violated his rights guaranteed by the Fourteenth Amendment, depriving him of equal protection and his rights to procedural and substantive due process.

Fourth Count: Defendants violated plaintiff's constitutional rights to freedom of speech, assembly and association as guaranteed by Article I, paragraphs 6, 18 and 19 of the New Jersey Constitution.

Sixth Count: Defendants violated his statutory rights as guaranteed by N.J.A.C. Title 4A, N.J.S.A. Title 11A and the Public Employers - Employees Relations Act, N.J.S.A. 34:13A-1, et seq.

On March 21, 2007, Defendant Rochford moved for summary judgment on all of the

remaining counts. By order dated May 22, 2007, the court granted Rochford's motion as to the First and Second Counts and retained supplemental jurisdiction over Plaintiff's state law claims in the Fourth and Sixth Counts. Plaintiff now moves for reconsideration of the court's May 22, 2007 order. For the reasons set forth below, Plaintiff's motion will be denied.

## II. BACKGROUND

The facts of this case were detailed in this court's prior opinion dated May 22, 2007 and need not be repeated here.

## III. DISCUSSION

### A. Standard for Reconsideration

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). It permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the original motion. See NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996). The standard is high and reconsideration is to be granted only sparingly. See U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the

3

decision at issue.  See Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992).

A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).  Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

**B.    Plaintiff's Motion**

Plaintiff's motion for reconsideration concerns the court's order dismissing the First and Second Counts of the Complaint relating to the alleged violations of Plaintiff's First Amendment rights.  In support of his motion, Plaintiff presents several arguments.[1]  Initially, Plaintiff

---

[1] Although Plaintiff has submitted a reply brief in further support of his motion, that brief will not be considered by the court as its submission is contrary to the Local Civil Rules in at least two respects.  First, reply briefs are not permitted on a motion for reconsideration without permission of the court.  Allyn Z. Lite, *New Jersey Federal Practice Rules* (2007), L. Civ. R. 7.1 comment 6(c); see also Grayzel v. St. Jude Medical, Civ. A. No. 01cv3737, 2004 U.S. Dist. LEXIS 24215, at *3 n.2 (D.N.J. Oct. 13, 2004).  Here, there is no record of such permission.  Second, reply briefs shall not exceed 15 pages without special permission of the court.  L. Civ. R. 7.2(b); see also Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002) (a motion for reconsideration "is not an opportunity for a party to circumvent page limits on court submissions, or to introduce legal theories that a party failed to include in its initial motion.").  Here, Plaintiff's 24-page reply brief well exceeds the 15-page limit and there is no record that

contends because Rochford failed to file a statement of material facts pursuant to L. Civ. R. 56.1, summary judgment was improper. Although the court, in its May 22, 2007 opinion, noted that Rochford failed to comply with L. Civ. R. 56.1, this alone does not require denial of a motion for summary judgment. See Comose v. N.J. Transit Rail Operations, Inc., No. CIV. A. 98-2345, 2000 WL 33258658, at *1 (D.N.J. Oct. 6, 2000) ("While this court could choose to deny summary judgment on this ground alone, . . . the court chooses instead to admonish that the parties should consult the local rules in future cases.").

Plaintiff also contends that factual disputes made the granting of summary judgment inappropriate and that because no depositions were available, Plaintiff did not have a chance to obtain evidence in Defendants' possession, to testify on his own behalf, or to question Defendants. (Pl.'s Br. 8). Plaintiff argues that "because defendants are in exclusive control of the additional discovery that plaintiffs would need to oppose the motion for summary judgment and because very little discovery has occurred, summary judgment is inappropriate at this juncture." (Pl.'s Br. 14).

Plaintiff argues that because there are unresolved disputes of fact relevant to the qualified immunity analysis, the court's decision was premature. (Id.). Plaintiff contends that since Lombardi and Henry Ruiz's[2] deposition testimony is now available, the court "should consider the many unresolved disputed facts that are clearly relevant to the immunity analysis." (Id. at 18). Plaintiff quotes several excerpts from the deposition testimony of both Lombardi and Ruiz

---

permission was requested by Plaintiff or was granted by the court.

[2]Henry Ruiz ("Ruiz") is a plaintiff in a related action, Ruiz v. Morris County Sheriff's Department, et al.

in support of its argument and argues that this testimony "can amply demonstrate that qualified immunity is clearly improper." (Pl.'s Br. 24).

Aside from providing excerpts from the deposition testimony of Lombardi and Ruiz, Plaintiff merely restates his arguments that were already considered in the court's May 22, 2007 opinion. As for the deposition testimony, the information provided cannot be considered unavailable or unknown at the time of the original hearing. This is evidenced by the fact that Plaintiff submitted affidavits from both Lombardi and Ruiz, which the court considered, in support of his opposition to Rochford's motion for summary judgment. Clearly, Plaintiff had the opportunity to present any and all statements in those affidavits that would support his contentions. That fact that he may not have done so does not warrant reconsideration, especially where a ruling on qualified immunity "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001).

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration will be denied. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:          August 14, 2007_____